**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JOHN ZOMBOTTI,**

        **Plaintiff,**

-vs-

**Case No. 17-CV-01323**

**NORTH TONAWANDA CITY SCHOOL DISTRICT, MARK RAMPADO, LAURIE BURGER and JEFF BARKE,**

        **Defendants.**

---

# MEMORANDUM OF LAW
# IN SUPPORT OF
# OF MOTION TO DISMISS

.

## PRELIMINARY STATEMENT

The Defendants Mark Rampado, Laurie Burger and Jeff Barke ("Defendants"), submit this Memorandum of Law in support of their motion to dismiss the Complaint in its entirety, pursuant to Fed. R. Civ. P. Rule 12(b)(6).[1]  Plaintiff's claims against Defendants have no legal basis and should be dismissed.  Indeed, there is no individual liability under the Americans with Disabilities Act or Section 504 of the Rehabilitation Act.  The same is true under the Family and Medical Leave Act unless the individuals are "employers," which they are not here.  Likewise, the claims against the individual defendants brought under 42 U.S.C. § 1983 should be dismissed because that statute cannot be used to circumvent the administrative requirements and limitations of the Americans with Disabilities Act.  Accordingly, for the reasons discussed more fully below, Defendants' motion to dismiss should be granted.

## STATEMENT OF FACTS

Plaintiff was employed by the District as a Relief Custodian from in or about February 1992 through in or about October 2017.[2]  (*See* Complaint at ¶11).  Defendant Mark Rampado was employed by the District as Director of Facilities.  (Complaint at ¶12).  Defendant Jeff Barke was employed by the Direct as Assistant Director of Facilities.  (Complaint at ¶14).  Defendant Laurie Burger was employed by the District as Executive Director of Human Resources and Administrative Services.  (Complaint at ¶13).

On December 21, 2017, Plaintiff filed a Complaint in United States District Court for the Western District of New York naming the District, Rampado, Burger, and Barke as Defendants.

---

[1] The employer in this action, the North Tonawanda City School District ("District"), was separately named and is filing an Answer.

[2] Because this is a motion to dismiss for failure to state a claim, Defendants rely upon the factual allegations in the Complaint.  Facts are only assumed as true for purposes of this Motion.

The Complaint purports to allege claims for discrimination in violation of Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA") and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, ("Rehabilitation Act"); retaliation in violation of the ADA and the Rehabilitation Act; retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, ("FMLA") and disability discrimination in violation of 42 U.S.C. § 1983.

## ARGUMENT

In deciding a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), a court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (internal quotation marks omitted). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 566 U.S. at 678. Further, unlike factual allegations, legal conclusions are not given a presumption of truthfulness. *Id*. Where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the complaint must be dismissed. *Twombly*, 550 U.S. at 558.

As set forth herein, Plaintiff simply cannot meet this burden with respect to any of the claims asserted in the Complaint against the Defendants. Thus, the Complaint should be dismissed as against the individual Defendants.

## POINT I

### TO THE DEGREE THAT PLAINTIFF ASSERTS CLAIMS UNDER THE ADA AND/OR REHABILITATION ACT AGAINST THE DEFENDANTS, THESE CLAIMS MUST BE DISMISSED.

Plaintiff's First, Second, Third and Fourth Causes of Action purport to assert claims for discrimination and retaliation in violation of the ADA and the Rehabilitation Act. To the degree that Plaintiff asserts these claims against the Defendants, these claims must be dismissed.

It is beyond dispute that any claims under the ADA against the Defendants must be dismissed because individuals are not subject to suit under the ADA. This Court has unequivocally held that individuals are not subject to suit under the ADA. *See Garibaldi v. Anixter, Inc.,* 407 F. Supp. 2d 449, 450 (W.D.N.Y. 2006) ("It is well-settled in the Second Circuit that individual employees, including supervisors, cannot be held personally liable for violations of the ADA.")

It has similarly been held that individual liability for employment discrimination does not exist under the Rehabilitation Act. *See Romand v. Zimmerman*, 881 F. Supp. 806, 812 (N.D.N.Y. 1995)(holding that individuals may not be held liable under the ADA and Rehabilitation Act); *Flum v. Dep't of Educ.*, 83 F. Supp. 3d 494, 500 (S.D.N.Y. 2015)(dismissing claims against individual defendant "because there is no individual liability under the ADA or Rehabilitation Act"); *Kane v. Carmel Cent. Sch. Dist.* 2014 U.S. Dist. LEXIS 179195 at *28 (S.D.N.Y. December 15, 2014).

Accordingly, to the extent Plaintiff asserts claims under the ADA the Rehabilitation Act against Defendants, these claims must be dismissed as a matter of law.

### POINT II

**PLAINTIFF'S CLAIMS UNDER THE FMLA MUST BE DISMISSED.**

Plaintiff's Fifth Cause of Action purports to assert a claim for retaliation in violation of the FMLA.  To be held liable under the FMLA, an individual Defendant must qualify as an "employer" under the statute.  *See e.g. Noia v. Orthopedic Assocs. of Long Island*, 93 F. Supp. 3d 13 (E.D.N.Y. 2015).  Here, the Complaint is wholly devoid of any allegations that any of the Defendants is an "employer" within the meaning of the FMLA.  Indeed, Plaintiff makes no such allegation.  Accordingly, Plaintiff's FMLA claims against the individual Defendants must be dismissed.

### POINT III

**THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1983 AND, THUS, THESE CLAIMS MUST BE DISMISSED.**

In his Sixth, Seventh and Eighth Causes of Action, Plaintiff purports to assert claims under 42 U.S.C. § 1983 against Defendants.  (Complaint, ¶¶ 74-94).  The gravamen of these purported claims is that Defendants discriminated against Plaintiff due to his alleged disability. It is well established, however, that such claims are not cognizble under § 1983 and must be dismissed as a matter of law.

"'In general, freedom from discrimination on the basis of disability is a right secured by statute, not the Constitution.'"  *Karatzas v. Herricks Union Free Sch. Dist.,* 2017 U.S. Dist. LEXIS 112397 at *68-69 (E.D.N.Y. July 18, 2017) (*quoting Prentice v. Port. Auth of N.Y. & N.J.*, 2017 U.S. Dist. LEXIS 78272 at *13 (E.D.N.Y. May 23, 2017)).  The Second Circuit has

long held that "a § 1983 action may not . . . be brought to vindicate rights conferred only by statute that contains its own structure for private enforcement." *Karatzas*, 2017 U.S. Dist. LEXIS 112397 at *69 (citations omitted); *see also*, *Patterson v. City of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("A § 1983 action may not, however, be brought to vindicate rights conferred only by a statute that contains its own structure for private enforcement, such as Title VII.") Indeed, it is well established that, where, as here, Plaintiff's claims are premised on rights secured by the ADA, the claim is not actionable under § 1983. *Karatzas*, 2017 U.S. Dist. LEXIS 112397 at *69 (when a claim of disability discrimination is premised on substantive rights provided under the ADA, it is not independently actionable under Section 1983).

Although a plaintiff is not precluded from bringing a § 1983 claim concurrent with an ADA claim, any such § 1983 claim must be based on a distinct violation of a constitutional right. *See Karatzas*, 2017 U.S. Dist. LEXIS 112397 at *70; *Patterson*, 375 F.3d at 225 (citations omitted). In the instant action, the Complaint wholly fails to identify any constitutional basis upon which Plaintiff's claims under § 1983 may be predicated. *See Karatzas*, 2017 U.S. Dist. LEXIS 112397 at *70. Any rights Plaintiff professes were violated were secured solely by a statute that has its own unique remedial scheme. Accordingly, the Complaint fails to state a cognizable § 1983 claim, and these claims must be dismissed as a matter of law.

## **CONCLUSION**

For all of the reasons set forth herein, Defendants' motion to dismiss should be granted, and the Complaint, as against the individual Defendants, dismissed in its entirety.

Dated: Buffalo, New York
March 2, 2018

                                    Respectfully submitted,

                                    **BOND, SCHOENECK & KING, PLLC**

                                    By: /s/ James J. Rooney
                                    James J. Rooney, Esq.
                                    Sharon A. Swift, Esq.
                                    *Attorneys for Defendants Mark Rampado, Laurie Burger and Jeff Barke*
                                    Avant Building – Suite 900
                                    200 Delaware Avenue
                                    Buffalo, New York 14202
                                    Telephone: (716) 416-7000
                                    Email: jrooney@bsk.com
                                    Email: sswift@bsk.com

TO:    Lindy Korn, Esq.
        *Attorney for Plaintiff*
        535 Washington Street, Ninth Floor
        Buffalo, New York 14203
        716-856-5676
        Email: lkorn@lkorn-law.com

1298728